O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN HELWIG,                          )   Case No. EDCV 12-2245-OP
                                      )
                Plaintiff,            )
        v.                            )   MEMORANDUM OPINION AND
                                      )   ORDER
CAROLYN W. COLVIN,[1]                 )
Acting Commissioner of Social         )
Security,                             )
                                      )
                Defendant.            )

        The Court[2] now rules as follows with respect to the disputed issues listed in
the Joint Stipulation ("JS").[3]

_____

        [1] Carolyn W. Colvin, the current Acting Commissioner of Social Security, is
hereby substituted as the Defendant herein.  See Fed. R. Civ. P. 25(d)(1).

        [2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the
United States Magistrate Judge in the current action. (ECF Nos. 8, 9.)

        [3] As the Court stated in its Case Management Order, the decision in this
case is made on the basis of the pleadings, the Administrative Record, and the Joint
Stipulation filed by the parties.  In accordance with Rule 12(c) of the Federal Rules
                                                              (continued...)

1

# I.

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues raised by Plaintiff as the grounds for reversal and/or remand are as follows:

(1)    Whether the Administrative Law Judge ("ALJ") erred in finding that Plaintiff's impairments did not meet a listed impairment;

(2)    Whether the ALJ properly evaluated Plaintiff's credibility;

(3)     Whether the ALJ erred in rejecting the opinion of Plaintiff's treating physician; and

(4)    Whether the evidence submitted to the Appeals Council would result in a different outcome.

(JS at 4.)

# II.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla" but less than a preponderance.  Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401.  The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986).  Where evidence is susceptible of

---

[3](...continued)
of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).  (ECF No. 6 at 3.)

1   more than one rational interpretation, the Commissioner's decision must be upheld.

2   Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

3                                         **III.**

4                                    **DISCUSSION**

5   **A.    The ALJ's Findings.**

6          The ALJ found that Plaintiff has the severe impairment of a mood disorder

7   with anxious and depressed features.  (Administrative Record ("AR") at 22.)  The

8   ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform "a

9   full range of work at all exertional levels but with the following nonexertional

10  limitations:  work limited to only a moderate degree of stress; no intrusive

11  supervision; no anxiety provoking activities; no high production quotas, and no

12  stressful contact with the public such as handling complaints."  (Id. at 24.)

13         Relying on the testimony of a vocational expert ("VE"), the ALJ concluded

14  that, although Plaintiff could not perform his past relevant work, he was capable of

15  performing jobs that exist in significant numbers in the national economy.  (Id. at

16  29.)

17  **B.    The ALJ Properly Determined Plaintiff's Impairments Did Not Meet or**

18         **Equal a Listed Impairment.**

19         Plaintiff contends that the ALJ erred at step three of the sequential

20  evaluation process in concluding that Plaintiff's mental impairment did not meet or

21  equal Listing 12.04.C.  (JS at 4-6, 7-8.)  More specifically, Plaintiff argues that his

22  mental impairment of depressive disorder meets Listing 12.04.C.3 because Plaintiff

23  is living in Montclair Guest Home, which Plaintiff contends is a state licensed

24  board and care facility for the mentally ill.  (JS at 5.)

25         Listing 12.04.C provides in relevant part as follows:

26         12.04 *Affective Disorders*: Characterized by a disturbance of

27         mood, accompanied by a full or partial manic or depressive syndrome.

28          . . .

                                         3

1

. . . .

2        C. Medically documented history of a chronic affective disorder

3 of at least 2 years' duration that has caused more than a minimal

4 limitation of ability to do basic work activities, with symptoms or signs

5 currently attenuated by medication or psychosocial support, and one of

6 the following:

7       . . . .

8        3. Current history of 1 or more years' inability to function

9 outside a highly supportive living arrangement, with an indication of

10 continued need for such an arrangement.

11 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.04.C.

12      An ALJ must evaluate the relevant evidence to determine whether a

13 claimant's impairment or impairments meet or equal one of the specified

14 impairments set forth in the Listings. Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir.

15 2001). A "boilerplate finding is insufficient to support a conclusion that a

16 claimant's impairment does not [meet or equal a Listing]." Id. at 512; see also,

17 e.g., Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) (noting that the ALJ's

18 unexplicated finding at step three was reversible error). However, an ALJ is not

19 required to "state why a claimant failed to satisfy every different section of the

20 listing impairments." Gonzalez v. Sullivan, 914 F.2d 1197, 1201 (9th Cir. 1990).

21      Accordingly, a well-developed discussion of the factual basis of a claimant's

22 impairments elsewhere in a hearing decision may, under certain circumstances,

23 support an unexplained finding of no medical equivalence at step three. Id. at 1201

24 (finding an ALJ's four-page summary of the record an adequate basis for

25 unexplained statement that the applicant's impairments did not meet or equal any

26 listing). An ALJ's lack of formal analysis and findings at step three will not

27 constitute reversible error when the ALJ "discussed and evaluated evidence

28 supporting his conclusion" in a different section of his decision; and with respect to

4

1  equivalency, a plaintiff "offered no theory, plausible or otherwise, as to how his

2  [impairments] combined to equal a listed impairment." <u>Lewis</u>, 236 F.3d at 513-14.

3        Here, Plaintiff has failed to demonstrate that his mental impairment meets or

4  equals Listing 12.04.C.3.  First, Plaintiff has not demonstrated that he meets the

5  temporal requirement of Listing 12.04.C.3.  At the time of the administrative

6  hearing on July 7, 2011, Plaintiff testified that he had been residing at Montclair

7  Guest Home since December 2010, approximately seven months.  (AR at 48.)  As

8  a result, it is unclear from the evidence whether Plaintiff lived at Montclair Guest

9  Home for an entire year.  In addition, Plaintiff has not provided sufficient evidence

10  to demonstrate that Montclair Guest Home would qualify as a "highly supportive

11  living arrangement" or that he has an "inability to function outside a highly

12  supportive living arrangement," as required by 12.04.C.3.  Indeed, much of the

13  evidence is to the contrary.[4]  (<u>Id.</u> at 417-20.)

14        Accordingly, given the dearth of evidence regarding Plaintiff's residence at

15  Montclair Guest Home, the ALJ did not err in determining that Plaintiff's mood

16  disorder did not meet the requirements of Listing 12.04.C.3.

17  **C.    The ALJ Properly Evaluated Plaintiff's Credibility.**

18        Plaintiff asserts that the ALJ failed to provide clear and convincing reasons

19  for rejecting his subjective complaints.  (JS at 15-19, 22.)  Plaintiff testified at the

20

21        [4] For instance, on February 4, 2011, Plaintiff was involved in a serious

22  motorcycle accident requiring multiple surgeries and physical therapy and

23  rehabilitation for the repair and healing of his open fracture of the left patella and

23  right wrist.  (AR at 421-540.)  As a result, it appears that he could come and go

24  from the home as he pleased.  (<u>Id.</u> at 533.)  Plaintiff also reported that he was an

25  employee of the State of California at the time of the accident, apparently cooking

26  meals and assisting residents at the Roberts' Group Home.  (<u>Id.</u> at 59, 544.)  There

26  is no evidence as to why he was placed in the Montclair Guest Home, or the type

27  of treatment and support he received there.  For these reasons, the Court finds that

27  there was no error in the ALJ's allege failure to mention that Plaintiff was residing

28  in the Montclair Guest Home.

administrative hearing that he experienced poor memory and concentration, difficulty understanding and following instructions, and social withdrawal.  (AR at 48-57.)  The ALJ found Plaintiff less than credible for the following reasons:  (1) medication had largely been successful in controlling Plaintiff's symptoms; (2) Plaintiff made inconsistent statements at the administrative hearing; and (3) Plaintiff's complaints of disabling limitations were not supported by the objective evidence of record.  (AR at 25-26.)

An ALJ's assessment of pain severity and claimant credibility is entitled to "great weight."  Weetman v. Sullivan, 877 F.2d 20, 22 (9th Cir. 1989); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1986).  When, as here, an ALJ's disbelief of a claimant's testimony is a critical factor in a decision to deny benefits, the ALJ must make explicit credibility findings.  Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981); see also Albalos v. Sullivan, 907 F.2d 871, 874 (9th Cir. 1990) (an implicit finding that claimant was not credible is insufficient).

Once a claimant has presented medical evidence of an underlying impairment which could reasonably be expected to cause the symptoms alleged, the ALJ may only discredit the claimant's testimony regarding subjective pain by providing specific, clear, and convincing reasons for doing so.  Lingenfelter v. Astrue, 504 F.3d 1028, 1035–36 (9th Cir. 2007).  An ALJ's credibility finding must be properly supported by the record and sufficiently specific to ensure a reviewing court that the ALJ did not arbitrarily reject a claimant's subjective testimony.  Bunnell v. Sullivan, 947 F.2d 341, 345-47 (9th Cir. 1991).

Here, the ALJ provided clear and convincing reasons for discounting Plaintiff's subjective complaints.

First, the ALJ noted that the medical records demonstrated that Plaintiff's prescribed psychiatric medications – Lexapro, Lamictal, and Seroquel – had "been relatively effective in controlling [Plaintiff's] symptoms."  (AR at 26.)  The ALJ

1  cited medical records in which Plaintiff reported an improvement in his depression

2  and mood swings with the use of his psychiatric medications and abstinence from

3  alcohol.  (Id. (citing id. at 408, 409).)  An ALJ may properly rely on the fact that

4  medication is helpful to discount a claimant's credibility.  Tidwell v. Apfel, 161

5  F.3d 599, 602 (9th Cir. 1998) (ALJ may properly rely upon weak objective

6  support, lack of treatment, daily activities inconsistent with total disability, and

7  helpful medication); see also Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir.

8  1995) (ALJ may properly rely on the fact that only conservative treatment had

9  been prescribed).

10        Second, the ALJ noted that Plaintiff provided inconsistent statements during

11  the administrative hearing.  (AR at 26.)  When questioned by the ALJ why he

12  could not work, Plaintiff initially testified that he had lost his job because his

13  driver's license had been revoked for driving under the influence.  Plaintiff further

14  testified that he would still be working if he had not lost his license.  (Id. at 51.)

15  However, in response to follow up questions by his attorney, Plaintiff testified that,

16  even if his license had not been revoked, he was unsure whether he would be able

17  to perform his past work.  (Id. at 55.)  The ALJ may take into account

18  inconsistencies in the claimant's testimony when evaluating a claimant's

19  credibility.  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).

20        Finally, the ALJ noted that the objective medical evidence in the record did

21  not support Plaintiff's claims of disabling symptoms.  (Id. at 26.)  Although a lack

22  of objective medical evidence may not be the sole reason for discounting a

23  plaintiff's credibility, it is nonetheless a legitimate and relevant factor to be

24  considered.  Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).  Thus, the

25  lack of medical evidence in the record to support Plaintiff's claims, in addition to

26  the ameliorative effect of Plaintiff's medications and his inconsistent hearing

27  testimony, provided sufficient reasons to support the ALJ's adverse credibility

28  determination.

1
2

**D.**   **The ALJ Properly Considered the Opinion of Plaintiff's Treating**
**Physician.**

3       Plaintiff contends that the ALJ erred by failing to accord controlling weight
4   to the opinion of Plaintiff's treating psychiatrist, Dr. Wali.  (JS at 8-11, 14-15.)  In
5   an August 22, 2011, Mental Impairment Questionnaire, Dr. Wali diagnosed
6   Plaintiff with bipolar disorder, severe, without psychotic features.  (AR at 413.)
7   Dr. Wali opined that Plaintiff had moderate limitations in activities of daily living,
8   and marked limitations in maintaining social functioning and maintaining
9   concentration, persistence, or pace.  (Id. at 415.)  Dr. Wali also opined that Plaintiff
10  would have three or more episodes of decompensation within a twelve month
11  period, each of at least two weeks duration, and that Plaintiff's mental impairment
12  would cause him to be absent from work more than four days per month.  (Id. at
13  416.)

14      It is well established in the Ninth Circuit that a treating physician's opinion
15  is entitled to special weight, because a treating physician is employed to cure and
16  has a greater opportunity to know and observe the patient as an individual.
17  McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989).  "The treating
18  physician's opinion is not, however, necessarily conclusive as to either a physical
19  condition or the ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747,
20  751 (9th Cir.1989).  The weight given a treating physician's opinion depends on
21  whether it is supported by sufficient medical data and is consistent with other
22  evidence in the record.  20 C.F.R. § § 404.1527(d), 416.927(d).  Where the treating
23  physician's opinion is uncontroverted by another doctor, it may be rejected only
24  for "clear and convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir.
25  1995); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating
26  physician's opinion is controverted, it may be rejected only if the ALJ makes
27  findings setting forth specific and legitimate reasons that are based on the
28  substantial evidence of record.  Thomas, 278 F.3d at 957; Magallanes, 881 F.2d at

8

751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The ALJ can "meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  Thomas, 278 F.3d at 957 (citation omitted) (quotation omitted).

Here, the ALJ gave several reasons for disregarding Dr. Wali's opinion, each of which is supported by substantial evidence in the record.

First, the ALJ noted that Plaintiff's treatment history with Dr. Wali was "quite sporadic and brief as she only sees [Plaintiff] for 30 minutes every 8 weeks."  (AR at 27 (citing id. at 413).)  The "nature and extent" of a treating physician's relationship with a claimant may properly be taken into account when determining the weight to give a treating physician's opinion.  See Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007) (citing 20 C.F.R. § 404.1527(d)(2)(i)-(ii)).

Second, the ALJ gave less weight to Dr. Wali's opinion because it was not supported by her treatment notes, which the ALJ noted were cursory and general.  (AR at 27.)   The ALJ observed that Dr. Wali's treatment notes did not contain any objective findings to support her opinion that Plaintiff had extreme work-related limitations.  (Id.)  In declining to accord Dr. Wali's opinion controlling weight, the ALJ properly relied  upon the fact that Dr. Wali had failed to provide supporting reasoning or clinical findings.  See Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012) ("We have held that the ALJ may 'permissibly reject[] . . . check-off reports that [do] not contain any explanation of the bases of their conclusions.'") (quoting Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996)).

Third, the ALJ gave less weight to Dr. Wali's opinion because it was largely based upon Plaintiff's own subjective reports of symptoms and limitations, which the ALJ discounted as not being fully credible.  (AR at 27.)  As discussed in detail above, the ALJ properly determined that Plaintiff was not fully credible with respect to his symptoms and limitations.  To the extent that Dr. Wali's conclusion that Plaintiff could not work due to severe mental functional limitations was based

1    upon Plaintiff's own self-reports, the ALJ properly rejected Dr. Wali's opinion.

2    "An ALJ may reject a treating physician's opinion if it is based to a large extent on

3    a claimant's self-reports that have been properly discounted as incredible."

4    Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008).

5    **E.      The Additional Medical Evidence Before the Appeals Council Does Not**

6    **        Warrant Remand.**

7         Plaintiff argues that this case should be remanded to allow the ALJ to

8    consider the entire record, including the additional medical evidence regarding

9    Plaintiff's February 2011 motorcycle accident.  (JS at 23-24, 26.)  Plaintiff

10   contends that these records demonstrate that he suffered serious physical injuries

11   that limit his ability to perform work activity.  (JS at 23 (citing AR at 421-560,

12   561-816, 817, 993).)  The Appeals Council considered this additional evidence and

13   found it did not provide a basis for changing the ALJ's decision.  (AR at 5-9.)

14   Therefore, the Appeals Council denied review.  (Id. at 1.)

15        If new and material evidence is submitted after the ALJ's decision, the

16   Appeals Council shall consider such evidence "only where it relates to the period

17   on or before the date of the [ALJ] hearing decision."  See 20 C.F.R. § 404.970(b).

18   The Appeals Council will overturn an ALJ's decision only when it determines,

19   after a review of the entire record, including the new and material evidence, that

20   the decision is contrary to the weight of the evidence.  Id.; see also Macri v. Chater,

21   93 F.3d 540, 544 (9th Cir. 1996) (citing Bates v. Sullivan, 894 F.2d 1059, 1064

22   (9th Cir. 1990), overruled on other grounds by Bunnell v. Sullivan, 947 F.2d 341,

23   342 (9th Cir. 1991) (en banc)).  Moreover, in the Ninth Circuit, where a claimant

24   has submitted additional materials to the Appeals Council in requesting review of

25   the ALJ's decision, the district court may consider the new evidence "because the

26   Appeals Council addressed them in the context of denying [the claimant's] request

27   for review."  Harman v. Apfel, 211 F.3d 1172, 1180 (9th Cir. 2000) (citing

28   Ramirez v. Shalala, 8 F.3d 1449 (9th Cir. 1993)).

1    Because the Appeals Council specifically addressed the additional evidence

2   in denying Plaintiff's request for review, this Court may review the additional

3   evidence.[5]  See Harman, 211 F.3d at 1180; see also Ramirez, 8 F.3d at 1452.  After

4   reviewing the additional evidence, the Court agrees with the Appeals Council that

5   the additional evidence is insufficient to warrant a remand.  Although the

6   additional medical records from Loma Linda University Medical Center document

7   Plaintiff's injuries and hospitalization after his February 2011 motorcycle accident,

8   these records fail to demonstrate any impairment which would prevent Plaintiff

9   from performing work activity for a period of at least twelve months.    Without an

10   interpretation of how these medical records support a finding of disability, this

11   additional information does not undermine the substantial evidence in support of

12   the ALJ's RFC determination.  See Robbins v. Soc. Sec. Admin., 466 F.3d 880,

13   882 (9th Cir. 2006) ("[A] court must consider the entire record as a whole and may

14   not affirm simply by isolating a 'specific quantum of supporting evidence.' ")

15   (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).

16    Accordingly, the Court finds that the additional medical records provided to

17   the Appeals Council do not warrant remand to the ALJ.

18                                                          **IV.**

19                                                        **ORDER**

20    Based on the foregoing, IT THEREFORE IS ORDERED that judgment be

21   entered affirming the decision of the Commissioner of Social Security and

22   dismissing the action with prejudice.

23   Dated: August 30, 2013                    _____

24                                                          HONORABLE OSWALD PARADA
                                                             United States Magistrate Judge

25

26   _____
       [5]  The Court notes that the motorcycle accident itself was discussed at the
27   July 7, 2011, hearing.  (AR at 36, 49-50, 56-57.)  The newly submitted records
28   merely documented the injuries and additional treatment Plaintiff testified to at the
     hearing.

                                                          11